IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WALTER DELANEY BOOKER, JR.,       )
                                  )
        Plaintiff,                )
                                  )
v.                                )       Civil Action No. 1:20-cv-574 (RDA/IDD)
                                  )
UNITED STATES OF AMERICA, *et al.*, )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the United States of America, the Office of Personnel Management, and the Navy Office of Civilian Human Resources' ("Federal Defendants") Motion to Dismiss.  Dkt. 25.  Plaintiff Walter Delaney Book, Jr. ("Plaintiff"), who is proceeding *pro se*, has been afforded the opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and has responded.  Having considered the Motion together with the Federal Defendants' Memorandum in Support (Dkt. 27), Plaintiff's Opposition (Dkt. 31), and the Federal Defendants' Reply (Dkt. 32), this Court grants the Motion for the reasons that follow.

## I. BACKGROUND[1]

Plaintiff alleges that his mother, Marchell Renee Booker, was a retired federal employee who once worked at the Portsmouth Naval Medical Center.  Dkt. 1 ¶ 4.  Marchell Booker retired from the Portsmouth Naval Medical Center in June 2014 and passed away on November 8, 2017.  *Id.* ¶¶ 4, 7. Plaintiff alleges that when his mother retired from federal service, she was a

---

[1] For purposes of considering the Motion, the Court accepts all facts contained within Plaintiff's Complaint as true, as it must at the motion-to-dismiss stage.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

policyholder for general retirement benefits and life insurance coverage under a Federal Employees' Group Life Insurance program. *Id.* ¶¶ 7, 22. According to Plaintiff, the Office of Personnel Management ("OPM") certified the wrong person as the beneficiary of this policy, and as a result his mother's life insurance policy and lump sum retirement benefits were mistakenly paid to "a third-party creditor, who was not a designated beneficiary." *Id.* ¶ 30. Plaintiff alleges his mother "would not have allowed anyone other than Plaintiff and his two sisters to collect on any life insurance and lump sum credit." *Id.* ¶ 24; *see also id.* ¶ 19. As alleged in the Complaint, Plaintiff's mother "did not list marital info" on her applications for federal employee benefits because she had been separated from her spouse (now widower) "for over two years at [the time of her] retirement." *Id.* ¶¶ 8-10.

The Complaint asserts that the Navy's Human Resources Office and OPM failed to properly discharge their duties to facilitate proper payment of the benefits because Plaintiff and his sisters received neither any portion of the life insurance claim from the Federal Employees' Group Life Insurance policy nor any lump sum retirement benefits. *See id.* ¶¶ 17, 21 (maintaining that the Navy's Human Resources Office and OPM "failed to administratively maintain, file and forward designations of [the] beneficiary form."); *see also id.* ¶¶ 18-19, 22 (claiming that these entities provided false information or otherwise failed to provide any information to his mother to inform her "of any discrepancies and/or errors with th[e] designation of beneficiary forms"). Plaintiff argues that if Navy's Human Resources Office and OPM had properly handled his mother's beneficiary forms, the forms would have "reflect[ed that] Plaintiff and his two sisters" were the proper beneficiaries to the life insurance benefits. *Id.* ¶¶ 22-24. But instead, due to those two offices' alleged mishandling of the beneficiary forms, "OPM provided OFEGLI(Metlife) with certification of insurance status incorrectly stating Marchell R. Booker had no designated

beneficiaries." *Id.* ¶ 28.   Consequently, Metropolitan Life Insurance Company ("MetLife") dispersed the life insurance proceeds from Plaintiff's mother's policy to improper beneficiaries and a "third-party creditor" on January 3, 2018.  *Id.* ¶¶ 14, 30-33.

Plaintiff alleges he attempted to claim policy benefits from the Navy Human Resources Office and OPM upon his mother's death, and when those efforts failed, he brought this suit on May 21, 2020.  *Id.* ¶¶ 11-14.  As legal grounds for his relief, he invokes the Federal Tort Claims Act ("FTCA") and the Federal Employees' Group Life Insurance Act ("FEGLIA.").  *Id.* ¶¶ 29-30.[2]  Plaintiff seeks only monetary damages as relief against the Federal Defendants, *id.* at 5, and demands a jury trial on his FTCA and FEGLIA claims.  The Federal Defendants now move to dismiss Plaintiff's claims for lack of subject matter jurisdiction and to strike his Complaint's jury demand.  Dkt. Nos. 25; 26.

On March 24, 2022, this Court noted that no service of the Complaint on Defendant MetLife had been effectuated.  The Summons directed to Defendant MetLife included an incorrect address, and the Summons was returned unexecuted.  The Court ordered Plaintiff to within twenty days show cause as to why this matter should not be dismissed as to Defendant MetLife under Federal Rule of Civil Procedure 4(m), directing Plaintiff to "provide sufficient information regarding an address at which Defendant MetLife may be served so that the Clerk of the Court may then reissue the Summons through the United States Marshals Service."  Dkt. 34 (citing Fed.

---

[2] To the extent Plaintiff seeks to raise a claim under the Freedom of Information Act, as his Opposition suggests, *see* Dkt. 31 at 4 (citing 5 U.S.C. § 552a (d), (e), and (f)), that claim appears nowhere in his Complaint.  Plaintiff cannot amend his complaint through a brief filed in opposition to a dispositive motion, however.  *See Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464, 472 (E.D. Va. 2015) (stating that "it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss").  This Court therefore does not consider any FOIA theory in resolving Federal Defendants' Motion.

R. Civ. P. 4(c)(3)).  Plaintiff did not respond to this show cause order in any fashion, and Defendant MetLife remains unserved.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction.  Defendants can challenge subject matter jurisdiction through a facial challenge to the complaint or a factual challenge to the allegations therein.  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  A facial challenge argues that the complaint fails to allege facts sufficient to support a finding that a court has subject matter jurisdiction.  *Id.*  Thus, if the Rule 12(b)(1) motion is a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  That is, the factual allegations of the complaint are treated as true.  *Id.*  By contrast, a factual challenge argues that the "jurisdictional allegations of the complaint" are not true.  *Id.* (quoting *Adams*, 697 F.2d at 1219).  Accordingly, in a factual challenge, there is no presumption that the facts in the complaint are true.  *Id.*  A party moving for dismissal for lack of subject matter jurisdiction should prevail only if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as matter of law.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014)).  That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate.  *Green v. Sessions*, No. 1:17–cv–01365, 2018 WL 2025299, at *8 (E.D. Va.), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

III. ANALYSIS

Plaintiff argues that both the Navy's Office of Civil Human Resources and the Office of Personnel Management are liable under the FTCA and FEGLIA for failing to properly process his mother's benefits.  The Federal Defendants counter that the Court lacks subject matter jurisdiction over Plaintiff's FTCA and FEGLIA claims arising from his mother's life insurance and that the Court similarly lacks jurisdiction over his claim seeking a lump sum payment in connection with her federal retirement benefits.  The Court addresses these claims in turn.

A. FTCA Claim

First, the Federal Defendants assert that Plaintiff's FTCA claim fails because Congress has authorized such claims under a different statute, FEGLIA.  The basic concept is that Plaintiff cannot evade FEGLIA's specific governance of claims for federal life insurance benefits by instead bringing a claim for his mother's life insurance benefits under the FTCA, a more generalized statute focused on providing relief for those injured by a federal employee.  This argument relies on canons of construction and preemption principles, but the Federal Defendants also seek to dismiss Plaintiff's FTCA claim on the ground that there is no state-law equivalent.

The Fourth Circuit addressed whether FEGLIA preempts other causes of action related to a claim for benefits under a deceased federal employee's policy in *Bennett v. Off. of Federal Employees' Grp. Life Ins.*, 683 F. App'x 186 (4th Cir. 2017), an unpublished opinion that is nevertheless persuasive authority here.  In the district court, Bennett brought claims under FEGLIA as well as state-law claims for "breach of contract, negligence, negligent infliction of emotional distress, unfair settlement practices, and fraud."  *Bennett v. Off. of Pers. Mgmt.*, No. 1:14CV137, 2015 WL 9307278, at *1 (M.D.N.C. Dec. 21, 2015), *report and recommendation adopted by Bennett for Est. of Maynard v. Off. of Pers. Mgmt.*, No. 1:14-cv-137, 2016 WL 11585359

(M.D.N.C. Feb. 24, 2016).  On appeal, the Fourth Circuit looked to a similar preemption provision contained within the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a), citing circuit precedent suggesting that a state-law claim is preempted under that statute when the "claim may fairly be viewed as an alternative means of recovering benefits allegedly due under ERISA."  *Bennett*, 683 F. App'x at 187 (quoting *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 258 (4th Cir. 2005)).  In the end, *Bennett* concluded that the plaintiff's "claims arise solely under FEGLIA" and that his state-law claims were preempted.  *Bennett*, 683 F. App'x at 188.  But the plaintiff in *Bennett* did not bring an FTCA claim, and the Fourth Circuit simply had no occasion to address whether FEGLIA may "preempt" a plaintiff's FTCA claim. *Bennett* therefore does not bear the weight the Federal Defendants give it.

Plaintiff cites a more analogous case, *Devlin v. United States*, 352 F.3d 525 (2d Cir. 2003), where the court found a plaintiff's FTCA claim was not "preempted" by FEGLIA because the claim did not "seek to function as an alternative enforcement mechanism to obtain [policy] benefits."  *Id.* at 544.[3]  In *Devlin*, the plaintiff's claim did not attempt to substitute a policy beneficiary or seek to estop payment of policy benefits; instead, the plaintiff brought a claim for damages arising out of the alleged negligent misconduct of government employees.  The Second Circuit therefore held that the plaintiff's FTCA was not barred by FEGLIA.  *Id.* at 544-45.  Plaintiff seeks similar relief here as he does not ask the Court to order that he be paid benefits under his mother's FEGLIA policy.  Rather, he alleges that the Federal Defendants' negligence prevented

---

[3] Plaintiff maintains that he may bring his claims under FEGLIA and invokes *Atkins v. Metropolitan Life Ins.*, 225 F.3d 510 (5th Cir. 2000) in support of this theory.  *See* Dkt. 31 at 2. *Atkins* neither clearly supports nearly contradicts Plaintiff's position on this point, as the Fifth Circuit did not rule on the question of "whether FEGLIA preempts a state law negligence claim such as Atkins's case"—an issue that had not been raised in the district court and was not dispositive of the panel's decision, in any event.  *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 514 (5th Cir. 2000).

him from becoming a proper designee under the policy and seeks damages to remedy that injury. *See* Dkt. 31 at 3-4.

Plaintiff's FTCA claim must clear another hurdle, however.  The waiver of the federal government's sovereign immunity under the FTCA confers jurisdiction on federal courts to hear claims against the United States provided a plaintiff's claim is brought:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).  And "§ 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). Here, Virginia supplies the relevant substantive law, and this Court must look to substantive Virginia law to determine whether Plaintiff's FTCA claim against the Federal Defendants is cognizable.

Under Virginia law, no tort action is available for a claim by an insurance beneficiary, including an intended beneficiary, against the insurer or insurance administrator as there is no duty between the two.  In Virginia, that sort of action sounds exclusively in contract, *see Filak v. George*, 594 S.E.2d 610, 613 (Va. 2004), a precept this Court has recognized.  For example, in the interpleader action *Metropolitan Life Ins. Co. v. Gorman-Hubka*, an intended beneficiary of an insurance policy sued the insurer in tort alleging that the insurer negligently failed to designate the intended insurance beneficiary, and subsequently, failed to pay that intended beneficiary. *Gorman-Hubka*, No. 1:15-cv-1200, 2016 WL 10489865, at *2 (E.D. Va. Mar. 28, 2016).  *Gorman-Hubka* observed that because "the Supreme Court of Virginia has never recognized the existence

of a separate tort duty than an insurer owes to its insured, let alone an intended beneficiary of an insurance policy," such a claim must be brought as a contract rather than a tort claim. *Id.* at \*3.

Because Plaintiff's tort claim against the Federal Defendants would not be actionable if brought against a private person under Virginia substantive law, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim. This Court must therefore dismiss Plaintiff's FTCA claim.

### B. FEGLIA Claim

Plaintiff's claim under FEGLIA seeks to hold the Federal Defendants liable for their alleged negligent conduct. Congress has provided a limited waiver of sovereign immunity for claims under FEGLIA. *See* 5 U.S.C. § 8715 ("The district courts of the United States have original jurisdiction . . . of a civil action or claim against the United States founded on [FEGLIA].")。 Through that waiver, "the United States has consented to be sued . . . to the extent that any such civil action or claim can be shown to involve some right created by this Act and a breach by the Government of some duty with respect thereto." *Barnes v. United States*, 307 F.2d 655, 657-58 (D.C. Cir. 1962).

Plaintiff's Complaint appears to seek only money damages against the Federal Defendants, but FEGLIA's implementing regulations and other authorities make clear that such a claim may only be brought against the insurer. *See* 5 C.F.R. § 870.102 ("Any court action to obtain money due from this insurance policy must be taken against the company that issues the policy."); *see also, e.g.*, *White v. United States*, No. 09-60648-CIV-UNGARO, 2010 WL 11602596, at \*2 (S.D. Fla. Mar. 23, 2010) ("Here, Plaintiff seeks to maintain an action to obtain money due from a FEGLI insurance policy. Therefore, the action may be maintained only against MetLife—the company that issued the policy—and not against the United States, which is simply the policyholder."). To

be sure, the United States government plays an important role in FEGLIA's scheme, albeit "not as an insurer, but as the procuring agent." *Brinson v. Brinson*, 334 F.2d 155, 158 (4th Cir. 1964). Therefore, Plaintiff's claim of money damages against the Federal Defendants is misdirected; any such liability runs only to the insurer itself.

The waiver of sovereign immunity analysis under FEGLIA differs somewhat for a claim of declaratory or injunctive relief. Whether Plaintiff seeks such relief is not apparent, however, based on his submissions. *Compare* Dkt. 1 at 5 (seeking judgment in the amount of $300,000) *with* Dkt. 33 ¶ 11 ("Monetary damages can be decided either by a jury or a court, with declaratory judgments being ruled by the Court."). Because Plaintiff may seek leave of court to amend his Complaint, he will also be able to clarify the precise relief he seeks under FEGLIA, and this Court therefore defers judgment on whether it is appropriate to dismiss a declaratory or injunctive relief claim under that statute unless and until it becomes clear that Plaintiff actually seeks such relief.

### C. Lump Sum Retirement Benefits

Finally, Plaintiff asserts a claim for his mother's lump sum retirement benefits. Dkt. 1 ¶¶ 25, 36. A federal district court is not able to evaluate the merits of this claim, though, as the Civil Service Reform Act requires that claimants seeking a lump sum payment of federal retirement benefits first seek relief through the Office of Personnel Management. *See* 5 U.S.C. § 8347(b) (stating that OPM "shall adjudicate all claims under this subchapter"). Then, the law vests jurisdiction in the Merit Systems Protection Board ("MSPB"), *see* 5 U.S.C. § 8347(d)(1), and any appeals from that body must be taken to the United States Courts of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(a)(1); *see also Lindhal v. Off. of Pers. Mgmt.*, 470 U.S. 768, 775, 798-99 (1985); *Hall v. Clinton*, 235 F.3d 202, 203-06 (4th Cir. 2000).

Consequently, this Court does not have jurisdiction to hear Plaintiff's claim for the lump-sum retirement benefits because the Civil Service Reform Act provides the sole and exclusive remedy for such claims.

## IV. CONCLUSION

For these reasons, it is hereby ORDERED that the Federal Defendant's Motion to Dismiss (Dkt. 25) is GRANTED.  Plaintiff's Complaint (Dkt. 1) is DISMISSED WITHOUT PREJUDICE as to the Federal Defendants for lack of subject matter jurisdiction, *see S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013); and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as to Defendant MetLife pursuant to Federal Rule of Civil Procedure 4(m); and it is

FURTHER ORDERED that the Federal Defendants' Motion to Strike Plaintiff's Jury Demand (Dkt. 26) is DENIED as MOOT.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, *pro se*, to his mailing address on file and to counsel of record and to close this civil action.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

It is SO ORDERED.

Alexandria, Virginia
May 18, 2022

/s/

Rossie D. Alston, Jr.
United States District Judge

10